UNITED TRANSPORTATION
UNION, Plaintiff,

v.

Anthony J. BOTTALICO, individually and as General Chairperson of UTU General Committee of Adjustment Number GO–532, and Local 77 Committee of Adjustment, Bryan J. Marcella, Individually and as President of UTU Local 77, Mark L. Amorello, Individually and as Treasurer of UTU Local 77, and, Paul M. Holland, Individually and as Secretary of UTU Local 77, Defendants.

No. 00 Civ. 0909(MBM).

United States District Court,
S.D. New York.

Nov. 15, 2000.

Jeffrey A. Bartos, Guerrieri, Edmond & Clayman, Washington, DC, for Plaintiff.

Barry I. Levy, Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, New York, NY, for Plaintiff.

Charles Goetsch, Cahill & Goetsch, New Haven, CT, for Defendants.

OPINION and ORDER

MUKASEY, District Judge.

Until recently, plaintiff United Transportation Union (UTU) had been certified

as the collective-bargaining representative for several groups of Metro–North Commuter Railroad employees. The employees in these groups were represented at the local level by two subsidiaries—the General Committee of Adjustment GO–532 ("GO–532"), which was responsible for "making and interpreting the collective-bargaining agreement with Metro–North," and Local 77, which was responsible for "handling claims and grievances at the first level of the contractual grievance-handling process." Defendant Anthony J. Bottalico is an officer of GO–532. Defendants Bryan J. Marcella, Mark L. Amorello, and Paul B. Holland are officers of Local 77. Plaintiff sues defendants for breach of their fiduciary duty to Local 77 under 29 U.S.C. § 501(a) (1994). Plaintiff also sues defendants Marcella, Amorello, and Holland for breach of several duties under the UTU constitution. Defendants move to dismiss pursuant to Fed. Rule Civ. P. 12(b)(1) for lack of subject matter jurisdiction and, in the alternative, pursuant to Fed. Rule Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons stated below, defendants' motion to dismiss plaintiff's first claim under 19 U.S.C. § 501 for lack of subject matter jurisdiction is granted. Defendants' motion to dismiss plaintiff's second claim is denied.

## I.

■ Defendants argue that unions may not sue under 29 U.S.C. § 501. (Def. Mem. at 2–3) Two United States Courts of Appeals have considered whether a union may sue under § 501, and have reached different conclusions. *Compare Bldg. Material and Dump Truck Drivers, Local 420 v. Traweek,* 867 F.2d 500 (9th Cir.1989) (unions may not sue), *with Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers, AFL–CIO v. Statham,* 97 F.3d 1416 (11th Cir.1996) (unions may sue).

Interpretation of § 501 begins with its language. If the language of the statue is clear, the court's inquiry is complete. The language of § 501 creates a claim for union members, but not one for unions. Section 501(a) establishes union officers' fiduciary duty to their union and its members. See 29 U.S.C. § 501(a). Section 501(b) permits union members, but not unions, to sue an officer for breach of that fiduciary duty: "[w]hen any officer ... is alleged to have violated the duties declared in subsection (a) ... and [the union] ... refuse[s] or fail[s] to sue ... within a reasonable time after being requested to do so by any member of the labor organization, such member may sue ... for the benefit of the labor organization." *Id.* at § 501(b). The plain language of § 501 cannot be read to create a claim for unions.

■ Even when a statute does not expressly provide a particular private right of action, the court may infer one if it determines that Congress intended to create one. *See Health Care Plan, Inc. v. Aetna Life Ins. Co.,* 966 F.2d 738, 740 (2d Cir.1992). In *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) the Supreme Court prescribed four factors that a court should consider in determining whether Congress intended to create a private right: (1) whether the plaintiff is one of the class for whose "especial" benefit the statute was enacted; (2) whether there is "any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one;" (3) whether it is "consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff"; and (4) whether the cause of action is "one traditionally relegated to state law ... so that it would be inappropriate to infer a cause of action based solely on federal law ." *Chan v. City of New York,* 1 F.3d 96, 102 (2d Cir.1993). Since *Cort,* the Supreme Court has "refocused" its four-part inquiry to "emphasize the centrality of the second factor—congressional intent." *McClellan v. Cablevision of Connecticut, Inc.,* 149 F.3d 161, 164 (2d Cir.1998). The remaining factors have become merely "proxies" for legislative intent. *See id.*

It does not appear that Congress intended to create a private right of action for unions under § 501. "[W]here a statute expressly provides a remedy, courts must be especially reluctant to provide additional remedies. In such cases, '[i]n the absence of strong indicia of contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedy it considered appropriate.'" *Chan*, 1 F.3d 96, 102 (2d Cir.1993) (quoting *Karahalios v. National Federation of Federal Employees, Local 1263*, 489 U.S. 527, 533, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989). Put another way, it appears that the absence of one specific remedy in a statute, when others are provided, creates a presumption that Congress did not intend to provide that remedy. Here, Congress expressly created a right of action for union members, but did not do so for unions.

Plaintiff does not provide any evidence that would overcome the presumption. Plaintiff does cite cases that have found an implied right for unions. (Pl. Mem. at 5–6) The Eleventh Circuit is the only Court of Appeals to find an implied private right for unions under § 501. *Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers, AFL–CIO* 97 F.3d at 1419. That Court found in § 501(b)'s requirement that a union member ask the union to sue on its own behalf before the members can sue an officer for breach of § 501(a) evidence that Congress preferred that unions rather than union members sue for breach of § 501(a). However, the Court continued, if unions could not sue in federal court for breach of § 501(a), § 501(b)'s so-called demand requirement would be futile. *See id.* However, the *International Union* Court overstates the consequence of denying unions a federal private right. The demand requirement would not be "futile." Rather, the union could sue the officer under state law in state court.

The Eleventh Circuit also concluded that "relegating" the union to suing under state law in state court would frustrate the purpose of § 501. *See id.* at 1420. The Court

explained that Congress enacted § 501 because the state law remedies for union officials' misconduct were inadequate, and Congress wanted to supplement those remedies by creating new federal protections. *See id.* The Court supported this reading of the statute's legislative history by citing two statements from committee reports. Wholly apart from the well documented hazards of relying on legislative history, *see e.g. Vermont Agency of Natural Resources v. United States*, 529 U.S. 1858, 1868 n. 12, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000) (criticizing the dissent's reliance on a committee report as requiring "even a greater suspension of disbelief than legislative history normally requires."), the Eleventh Circuit's perceived authority is not persuasive for the reasons stated below.

First, the Court cited a minority statement from a Senate report complaining about the Senate bill's lack of a provision creating a fiduciary duty: "Only one state has enacted a statute imposing fiduciary obligations on union officials and giving union members a right to sue in the event of any breach thereof." *Id.* at 1420. The *International Union* Court then explained that the statute as passed contained broader fiduciary obligations than the Senate bill about which the minority complained. *See id.* The cited minority statement is simply not evidence of Congress's specific intent to create a private right for unions. It is the minority's statement about a bill which was not the one passed by both houses and signed into law. Moreover, the statement itself suggests that even the minority was more concerned with enabling suits by union members than by unions. It refers to the scarcity of laws "giving union members a right to sue . . . ."

The second statement the Eleventh Circuit cites is a statement of supplementary views from the House Report:

We affirm that the committee bill is broader and stronger than the provisions of [the Senate bill] which relate to fiduciary responsibilities. [The Senate

bill] applied the fiduciary principle to union officials only in their handling of 'money or other property,' apparently leaving other questions to the common law of the several States. Although the common law covers the matter, we considered it important to write the fiduciary principle explicitly into Federal labor legislation. Accordingly the committee bill extends the fiduciary principle to all the activities of union officials and other union agents or representatives.

*Id.*

This statement shows Congress wanted to create a fiduciary duty under federal law. It does not provide any evidence, however, that Congress had the specific intent to authorize unions, in addition to their members, to enforce that duty.

The remaining three *Cort* factors also do not overcome the presumption that Congress did not intend to create a private right for unions. The first factor requires a court to consider whether the plaintiff is one of the class for whose "especial" benefit the statute was enacted. Section 501 may benefit unions, but this first factor requires that the party claiming a private right must be more than a beneficiary; that party must be an "intended beneficiary." *Health Care Plan, Inc.,* 966 F.2d at 740–41. Here, the statute's "Congressional declaration of findings, purposes, and policy" makes union members the intended beneficiaries: "The Congress finds that ... it continues to be the responsibility of the Federal Government to protect employees' rights to organize, choose their own representative, bargain collectively, and otherwise engage in concerted activities for their mutual aid or protection...." 29 U.S.C. § 401. Similarly, "[t]he Congress further finds ... that there have been a number of instances of breach of trust, corruption, disregard of the rights of individual employees ... which require further and supplementary legislation that will afford necessary protection of the rights and interests of employees and the public generally...." *Id.* In both instances, it is the individual employee, not the union, that is mentioned explicitly as the focus of congressional solicitude. Because the first two *Cort* factors fail to show that Congress intended to provide a private right, it is unnecessary to consider the third and fourth, because alone they would not constitute sufficient evidence of Congressional intent. *See Health Care Plan, Inc.,* 966 F.2d at 742.

Congress's inclusion of a private action for union members but not for unions is strong evidence that Congress did not intend to create one for unions. Moreover, the *Cort* factors do not provide any evidence that would overcome the presumption created by Congress's inclusion of a private action only for union members.

I conclude, therefore, that Congress did not intend to create a right of action for unions. Although the decisions of other Courts of Appeals can be useful sources of persuasive reasoning, I am not bound by the Eleventh Circuit's decision to the contrary. *See Volin v. Civil Court,* 1992 WL 295968 (S.D.N.Y.1992); *see also Menowitz v. Brown,* 991 F.2d 36 (2d Cir.1993) ("If a federal court simply accepts the interpretation of another circuit without [independently] addressing the merits, it is not doing its job.") (quoting *In re Korean Air Lines Disaster,* 829 F.2d 1171 (D.C.Cir. 1987). For the reasons explained below, I agree, instead, with the result reached by the Ninth Circuit in *Bldg. Material and Dump Truck Drivers, Local 420,* 867 F.2d at 506–07.

## II.

Plaintiff alleges that the court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 185(a). (Comp. at ¶ 1) As to plaintiff's first claim, for which I have found no basis under § 501, plaintiff obviously is incorrect. This court lacks subject matter jurisdiction under § 501 because § 501(b), which authorizes suits in federal courts for violations of § 501(a), applies only to union

members. The court also lacks subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1333 because both statutes require that federal law create the claim, and for the reasons stated above, § 501 does not create a claim for unions. Finally, the court lacks subject matter jurisdiction also under 29 U.S.C. § 185(a). That statute authorizes suits in federal court for violation of contracts between labor organizations. Plaintiff's first claim alleges a violation of a statutorily created fiduciary duty. It does not allege a violation of any contract. Accordingly, plaintiff's first claim is dismissed for lack of subject matter jurisdiction.

■ Plaintiff's second claim alleges that defendants violated the UTU constitution as officers of Local 77 and the GO–532. The court does have subject matter jurisdiction over this claim under 29 U.S.C. § 185(a). The UTU constitution is a contract between two labor organizations, the UTU and both Local 77 and GO–532. See *Wooddell v. Int'l Brotherhood of Elec. Workers, Local 71*, 502 U.S. 93, 99, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991). Accordingly, plaintiff's second claim should not be dismissed for lack of subject matter jurisdiction. I do not reach the issue of whether the second claim should be dismissed under Rule 12(b)(6) for failure to state a claim because defendants have failed argue that point in their papers.

\*   \*   \*   \*   \*   \*

For the reasons stated above, defendants' motion to dismiss plaintiff's first claim under 29 U.S.C. § 501 is granted based on lack of subject matter jurisdiction. Defendants' motion to dismiss plaintiff's second claim is denied.