2010 ME 135

**COUNTY OF HANCOCK**

v.

**TEAMSTERS UNION LOCAL 340.**

Supreme Judicial Court of Maine.

Argued: Nov. 9, 2010.
Decided: Dec. 21, 2010.

A M.R.S. § 2902(2) (2009) or through excess coverage policies.

Howard T. Reben, Esq., Adrienne S. Hansen, Esq. (orally), Reben, Benjamin & March, Portland, ME, for Teamsters Union Local 340.

Timothy A. Pease (orally), Rudman & Winchell, LLC, Bangor, ME, for Hancock County.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1]   Teamsters Union Local 340 (Union) appeals from the judgments of the Superior Court (Hancock County, *Cuddy, J.*) granting the County of Hancock's motions to stay arbitration pursuant to the Uniform Arbitration Act, 14 M.R.S. § 5928(2) (2009).   The judgments effectively terminated the initially-successful processing of grievances brought by the Union on behalf of two County employees seeking to collect overtime pay for hours worked beyond their regularly-scheduled hours.

[¶ 2]   The Union asserts that the court erred in concluding that the Municipal Public Employees Labor Relations Act, 26 M.R.S. §§ 961, 962(6)(F) (2009), excluded the two employees from the protections of the collective bargaining agreement and therefore precluded consideration of the employees' grievances and arbitration of the employees' claims.   We conclude that, on the facts of this case, the County could not participate in the grievance process by allowing the County department heads to accept the employees* position and agree that they were entitled to overtime compensation and then, after the employees had prevailed, belatedly object to the grievance process as violative of the Municipal Public Employees Labor Relations Act. Accordingly, we do not reach the Un-

ion's argument, but we do vacate the judgment.

## I.   CASE HISTORY

[¶ 3]   Pursuant to the terms of a collective bargaining agreement, Teamsters Union Local 340 is the bargaining agent for employees of the Hancock County Sheriff's Office and the Regional Dispatch Center. That agreement provides that, for purposes of negotiations with the County, the bargaining unit includes all full-time personnel in the Sheriffs Office and the Dispatch Center, other than certain exempt department heads and supervisors.   The collective bargaining agreement also recognizes that new employees serve a six-month probationary period prior to becoming regular full-time employees who are subject to all of the protections of the collective bargaining agreement, including placement on the seniority list.

[¶ 4]   In July 2009, two people, a dispatcher and a cook, at the County Jail were asked to and did work several hours in addition to their regularly-scheduled shifts.   At the time, the dispatcher and the cook had not yet become regular full-time employees.   Pursuant to the terms of the collective bargaining agreement, a public employee covered by that agreement who works hours beyond his or her regularly-scheduled hours is entitled to pay at overtime rates even if, as was the case here, the hours worked were not sufficient to trigger a requirement to pay overtime pursuant to federal or state wage and hours laws.

[¶ 5]   The dispatcher and the cook were paid at their regular rates, not overtime rates, for their extra hours of work.   In early August 2009, the Union, on behalf of the dispatcher and the cook, filed a grievance in accordance with the grievance procedure specified at Article 46 of the collec-

tive bargaining agreement. The County did not object to initiation of the grievance process on behalf of these individuals.

[¶ 6] Step 1 of the grievance process in the collective bargaining agreement specifies that the grievance must first be discussed with the employee's division supervisor. The collective bargaining agreement indicates that, if the grievance cannot be "resolved" in the Step 1 discussion, it must then proceed through the formal grievance process to Step 2, which is presentation to the employee's department head.

[¶ 7] Here, neither individual's division supervisor agreed with the request for overtime pay. The Union then presented the grievances to Step 2 for consideration by each employee's department head. The relevant department heads here were the Director of the Dispatch Center for the dispatcher and the Sheriff of Hancock County for the cook at the jail.

[¶ 8] Again, neither of the County department heads nor any other representative of the County objected to the Union's use of the grievance procedures on behalf of the two employees. After the Step 2 discussion, the Director of the Dispatch Center and the Sheriff each agreed that the dispatcher and the cook, respectively, were entitled to be compensated, at overtime pay rates, for the hours worked in addition to their regularly-scheduled hours.

[¶ 9] The collective bargaining agreement specifies that if the department head's response is not agreeable to the employee or the Union, the grievance then proceeds to the next level—Step 3. The agreement does not provide any procedure for an appeal or to proceed to subsequent steps in the grievance process if the County, or a proper representative of the County, is not in agreement with the action taken by the County department head at Step 2. Here, however, despite the department heads' agreement that the employees were entitled to overtime pay for the hours in question, the County refused to reimburse the employees for the overtime differential, a total sum of approximately $100.

[¶ 10] After confirming that the County had refused to pay, the Union filed a request for arbitration pursuant to the collective bargaining agreement. The County responded by initiating the action in Superior Court, seeking to stay the arbitration and effectively terminate the grievance process. The County asserted, for the first time, that the agreement did not apply to the employees at issue.

[¶ 11] The court heard the County's motion to stay arbitration, filed pursuant to 14 M.R.S. § 5928(2), and, after due deliberation, granted the motion, effectively terminating the grievance consideration process. The court ruled that since the employees on whose behalf the grievances were filed were not full-time employees who had been employed by the County for six months or more, they were not "public employees," and were not entitled to the protections of the collective bargaining agreement pursuant to the Municipal Public Employees Labor Relations Act, 26 M.R.S. § 962(6)(F).[1] The court determined that because section 962(6)(F) exempted these employees from coverage, they could not be subject to the protections of the collective bargaining agreement, including the grievance process. From that determination, the Union brought this appeal.

---

1. Title 26 M.R.S. § 962(6) (2009) defines a "public employee" to be "any employee of a public employer," but then exempts from the definition in subparagraph (F) persons "employed less than 6 months."

## II. LEGAL ANALYSIS

[¶ 12] Since many provisions of the collective bargaining agreement cover all employees, whether full-time, probationary, or part-time, the employees and the Union could have had a good faith belief that the overtime provisions protected any employees working extra hours beyond their regularly-scheduled time.

[¶ 13] We need not determine whether the trial court correctly interpreted section 962, because the County participated in the processing of the Union's complaint as though it were a "grievance" as defined by the collective bargaining agreement through Steps 1 and 2 of the grievance process. Having so participated, the County can neither object now to its original participation nor appeal the determinations favorable to the employees by the County department heads. The County is estopped by its own actions from asserting the inapplicability of the very process it employed.

The entry is:

Judgments vacated. Remanded for dismissal of the motions to stay arbitration and implementation of the relief ordered at Step 2 of the grievance process.