2012 ME 115

**LEETE & LEMIEUX, P.A.**

**v.**

**James L. HOROWITZ et al.***

Supreme Judicial Court of Maine.

Argued: April 11, 2012.
Decided: May 31, 2012.
Revised: Oct. 9, 2012.

Russell B. Pierce, Jr., Esq., and Darya I. Haag, Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, for appellants James L. Horowitz and Oxford Aviation, Inc.

Taylor D. Fawns, Esq., Leete & Lemieux, P.A., Portland, for appellee Leete & Lemieux, P.A.

* This opinion replaces *Leete & Lemieux, P.A. v. Horowitz*, 2012 ME 71.

William H. Leete, Jr. (orally), Leete & Lemieux, P.A., Portland, for appellee Leete & Lemieux, P.A.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1] James L. Horowitz and Oxford Aviation, Inc. (collectively, Horowitz) appeal, pursuant to 14 M.R.S. § 5945(1)(C) (2011),[1] from a judgment entered in the District Court (Portland, *Moskowitz, J.*) confirming the award of a Fee Arbitration Panel (Panel), M. Bar R. 9, in favor of Leete & Lemieux, P.A. (L & L). Horowitz argues that the court (1) was required to vacate the arbitration award because the Panel allegedly determined that it did not have power to decide whether L & L's claim was time-barred, and (2) erred in confirming the award because it remained within the trial court's authority to decide a statute-of-limitations defense that was not subject to arbitration and was not decided during arbitration. Because Horowitz did not preserve a statute-of-limitations defense at the proper procedural stage of the proceedings, we affirm the judgment.

## I. CASE HISTORY

[¶ 2] L & L provided legal services to Horowitz from July 1998 to June 2004. L & L last received a payment for its services on March 5, 2003. On November 20, 2009, L & L filed a four-count complaint against Horowitz for failure to pay $10,917.78 for legal services rendered, plus accrued interest.[2]

[¶ 3] On February 19, 2010, Horowitz, through counsel, filed a motion to dismiss, or, in the alternative, to stay the action pending fee arbitration. The grounds asserted for the motion to dismiss were lack of subject matter jurisdiction and/or improper venue. The motion did not assert that all or any part of L & L's claim was barred by the six-year statute of limitations, 14 M.R.S. § 752 (2011).[3] The District Court (*Powers, J.*) granted Horowitz's motion in part, staying the action until resolution by a panel of the Fee Arbitration Commission pursuant to M. Bar R. 9.

[¶ 4] In October 2010, Horowitz filed a petition for fee arbitration, naming L & L as respondent. Horowitz asserted in his petition that (1) he was "dissatisfied with this work performed," and (2) the claim was not brought in a "timely fashion." By signing the petition, Horowitz agreed "that the arbitration decision and award of [the] Panel shall be final and binding upon [him] . . . ." and acknowledged that "[t]he effect of this agreement is to give up the legal right to bring an action in court." Horowitz elected not to have the Panel hearing recorded. *See* M. Bar R. 9(g)(10).

[¶ 5] L & L filed a reply to the petition and submission to arbitration contending, among other claims, that it "provided legal services to [Horowitz] up through the beginning of June 2004" and "filed its [c]omplaint . . . on November 20, 2009"; thus, L & L asserted, its action was "well within the six-year statute of limitation."

---

1. Title 14 M.R.S. § 5945 (2011) provides, in relevant part:

    **1. Grounds for appeal.** An appeal may be taken from:

    . . .

    **C.** An order confirming or denying confirmation of an award.

2. In the complaint, L & L alleged that it provided legal services in the amount of $36,467.74 and Horowitz had paid $25,549.96.

3. The six-year statute of limitations, stated in 14 M.R.S. § 752 (2011), applies to attorney fees collection cases. *See Schindler v. Nilsen,* 2001 ME 58, ¶ 17 & n. 7, 770 A.2d 638.

**1108**

[¶ 6] The matter was then reviewed by Bar Counsel, pursuant to M. Bar R. 9(e)(2)-(3), and referred to a Fee Arbitration Panel, pursuant to M. Bar R. 9(e)(5). Following a hearing, pursuant to M. Bar R 9(g), the Panel determined that Horowitz owed L & L "the full amount of the unpaid fees charged, which is $10,917.78, plus interest at 18% for the unpaid fees billed for year 2004 ($1,868.26) for one year, adding $336.29, for a total award to [L & L] for $11,254.07." As required by M. Bar R. 9(j),[4] the Panel's findings of fact and conclusions were stated in a confidential addendum filed separately from its published award.

[¶ 7] Pursuant to 14 M.R.S. § 5937 (2011), L & L filed a motion in the District Court to confirm the arbitration award. Horowitz then moved to vacate the award pursuant to 14 M.R.S. § 5938 (2011).[5] Horowitz asserted that the Panel "expressly refus[ed] to even consider [Horowitz's] statute of limitations argument," referencing statements that he contended were in the confidential addendum to the Panel award. Because the defense of statute of limitations is "essential to the resolution of this dispute," Horowitz argued that the court should lift the stay granted on Horowitz's motion and proceed to decide the statute-of-limitations issue and the sums properly due on L & L's bill.

[¶ 8] On June 22, 2011, the court denied Horowitz's motion to vacate the award and, on June 24, 2011, confirmed the award of the Panel in the amount of $11,224.09.[6] Horowitz then brought this appeal, asserting that the Panel and the District Court erred in declining to consid-

4.  Maine Bar Rule 9(j) provides:

    Confidentiality. With the exception of the award itself, all petitions, replies, records, documents, files, proceedings, and hearings pertaining to arbitrations of any fee dispute under these procedures and regulations shall be confidential, and, unless otherwise ordered by the Court, shall not be open to the public, press, or any person not involved in the dispute, excepting only the staff and members of the Commission, the Board, the Committee on Judicial Responsibility and Disability in connection with any complaint within its jurisdiction, and any justice of the Court. Notwithstanding that confidentiality, any person, including but not limited to members of the Board, Fee Arbitration Commission and Board staff may notify governmental officials of actual or threatened criminal conduct by any individual.

5.  Title 14 M.R.S. § 5938(1) (2011) provides the following grounds for vacating the award:

    1.  **Vacating award.** Upon application of a party, the court shall vacate an award where:
        A.  The award was procured by corruption, fraud or other undue means;
        B.  There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or mis-

    conduct prejudicing the rights of any party;
    C.  The arbitrators exceeded their powers;
    D.  The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 5931, as to prejudice substantially the rights of a party;
    E.  There was no arbitration agreement and the issue was not adversely determined in proceedings under section 5928 and the party did not participate in the arbitration hearing without raising the objection; or
    F.  The award was not made within the time fixed therefor by the agreement or, if not so fixed, within such time as the court has ordered, and the party has not waived the objection.

    But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

6.  There is a discrepancy between the amount of the award that the Panel found ($11,-254.07) and the amount of the award that the court confirmed and ordered ($11,224.09).

er his claim that the statute of limitations barred L & L's recovery of fees.

## II. LEGAL ANALYSIS

[¶ 9] The Uniform Arbitration Act, 14 M.R.S. §§ 5927–5949 (2011), establishes the process to seek review of and to enforce an arbitration award. The statute does not provide guidance on whether or not an arbitration panel may consider statute-of-limitations issues in an arbitration hearing. Rule 9 of the Maine Bar Rules, which governs the procedure for arbitration of attorney fees disputes, addresses the statute-of-limitations issue.

[¶ 10] Pursuant to M. Bar R. 9(e)(2)-(3), before a fee dispute is referred to a panel for arbitration, Bar Counsel conducts a preliminary review of the petition for arbitration. During this review, Bar Counsel considers factors that may cause the petition to fail, including any statute-of-limitations issue. Maine Bar Rule 9(e)(3) states:

> *Preliminary Review by Chair.* If Bar Counsel determines that ... the arbitration has not been commenced within six years from the time the bill in dispute was rendered or the fee paid in whole or in part, whichever occurs first ... Bar Counsel may refer the matter to the Chair of the Commission, together with a brief written report setting forth the facts and Bar Counsel's recommendations.
>
> (A) If the Chair concurs with Bar Counsel's recommendations, the matter shall be closed and the complainant so advised.
>
> (B) If the Chair disapproves Bar Counsel's recommendations, the mat-

ter shall be returned to the Secretary for further proceedings.

Rule 9(e)(3) indicates that Bar Counsel and the Chair of the Fee Arbitration Commission are to consider the statute of limitations in their preliminary review of the petition, before the dispute is referred to a panel to conduct a hearing. *See Anderson v. Elliott,* 555 A.2d 1042, 1046 (Me.1989) ("A[n] [arbitration] hearing is held only if ... the petition withstands a preliminary screening by the Bar Counsel and the chair of the Commission."); *see also* M. Bar R. 9(e)(5). After Bar Counsel's and the Commission Chair's preliminary review, a panel is tasked with making factual findings as to whether the client agreed to pay attorney fees and whether the fees charged to the client were reasonable. *See* M. Bar R. 9(g)(13);[7] *Kurtz & Perry, P.A. v. Emerson,* 2010 ME 107, ¶ 24 & n. 2, 8 A.3d 677.

[¶ 11] Here, the billing information before the trial court indicates that some, and perhaps a significant portion, of the fees alleged to be owed were earned or billed within the six years before the date that the action was commenced. Thus, L & L's claim could not have been excluded in preliminary screening by Bar Counsel, and the claim was properly before the Panel for consideration.

[¶ 12] The trial court's and this Court's review of a panel award is very limited. Appellate review of a court's confirmation of an arbitration award is confined to errors of law only, and the award will be upheld unless the court was compelled to vacate it. *See Randall v. Conley,* 2010 ME 68, ¶ 11, 2 A.3d 328; *Union River Valley Teachers Ass'n v. Lamoine*

---

7. Rule 9(g)(13) of the Maine Bar Rules states that

> [i]n the event there is no written agreement or engagement letter between the parties concerning fees and expenses as to the particular matter in dispute, the arbitration

panel shall require that the attorney bear the burden of proof of an agreement, or other basis for recovery of fees and expenses, and of the reasonableness of the fees and expenses.

*Sch. Comm.,* 2000 ME 57, ¶ 5, 748 A.2d 990. In reviewing an arbitrator's award directly, the primary issue is whether the award was within the arbitrator's authority. When an arbitrator stays within the scope of his or her authority, the award will not be vacated even when there is an error of law or fact, unless the challenger demonstrates that the arbitration violated one of the grounds to vacate an award stated in 14 M.R.S. § 5938(1). *See Commercial Union Ins. Co. v. Me. Employers' Mut. Ins. Co.,* 2002 ME 56, ¶ 8, 794 A.2d 77.

[¶ 13] The only statutory grounds for review possibly relevant to this appeal would be that "[t]he arbitrators refused to . . . hear evidence material to the controversy or otherwise so conducted the hearing . . . as to prejudice substantially the rights of a party." 14 M.R.S. § 5938(1)(D). Because Horowitz elected not to have the proceedings recorded so that a record might be prepared, it is not possible to review, pursuant to section 5938(1)(D), any evidentiary issues or procedural problems that arose during the arbitration hearing. *See NCO Portfolio Mgmt., Inc. v. Folsom,* 2007 ME 152, ¶ 6, 938 A.2d 24.

■ [¶ 14] Here, Horowitz asserts that the Panel declined to consider evidence regarding his contention that L & L's claim was barred by the statute of limitations. Without a record of the evidence presented to the Panel, we are unable to evaluate Horowitz's claim. It does appear, however, that at least some of L & L's fees were earned and billings occurred within the six-year limitations period. Thus, the statute of limitations could not have barred L & L's claim in its entirety.

■ [¶ 15] A contention that an action is barred, in whole or in part, by the statute of limitations is an affirmative defense. *See* M.R. Civ. P. 8(c); *Jackson v.*

*Borkowski,* 627 A.2d 1010, 1013 (Me.1993). Affirmative defenses that may bar an action that may be subject to arbitration, such as a statute-of-limitations defense, are subject to direct court review, before being submitted to arbitration. *See Macomber v. MacQuinn–Tweedie,* 2003 ME 121, ¶¶ 18–19, 834 A.2d 131 (noting that the defense of laches is not subject to direct court review before arbitration). Thus, an entity that participates in an arbitration process, without preserving an affirmative defense, may be estopped from later asserting the invalidity of the arbitration process, based on the unpreserved affirmative defense, when the entity receives an adverse result. *See Cnty. of Hancock v. Teamsters Union Local 340,* 2010 ME 135, ¶¶ 12–13, 10 A.3d 670. Here, Horowitz could have asserted the statute-of-limitations affirmative defense in his request to stay the matter pending arbitration and asked to have had that issue decided by the court prior to arbitration.

[¶ 16] The District Court did not err in confirming the arbitration award.

The entry is:

Judgment affirmed.

### ORDER

Pursuant to M.R.App. P. 14(b), the Court has reconsidered this matter on the Motion for Reconsideration filed by James L. Horowitz et al., appellants. After due consideration by the Court, the Motion for Reconsideration is granted in part. The opinion, *Leete & Lemieux v. Horowitz,* 2012 ME 71, is withdrawn and the attached opinion, *Leete & Lemieux v. Horowitz,* 2012 ME 115, 53 A.3d 1106, is published in its place.