STATE OF MAINE                           SUPERIOR COURT
CUMBERLAND, ss                           CIVIL ACTION
                                         Docket No. CV-13-393
                                         *NM-CUM- 3/4/2014*

TEAMSTERS UNION
LOCAL 340,

             Plaintiff
                                         ORDER ON MOTIONS
v.                                       TO DISMISS

CARL GUIGNARD and
KENNETH EATON,

             Defendants

Before the court are (1) defendant Eaton's motion to dismiss plaintiff's complaint for improper venue or for a stay of the case while defendant Eaton pursues organizational remedies; and (2) defendant Guignard's motion to dismiss plaintiff's complaint for improper venue or for a stay of the case while defendant Guignard pursues organizational remedies. See M.R. Civ. P. 12(b)(3). For the following reasons, the motions are denied.

BACKGROUND

The plaintiff alleges the following in its complaint. The plaintiff is a local branch of a labor organization associated with the International Brotherhood of Teamsters (IBT). (Compl. ¶ 1.) Plaintiff's principal place of business is in South Portland, Maine. (Compl. ¶ 1.) Defendant Guignard lives in Lewiston, Maine and served as the Secretary-Treasurer of plaintiff from September 2007 to December 31, 2012. (Compl. ¶ 2.) Defendant Eaton lives in Waterville, Maine and served as President of plaintiff from approximately December 2010 to December 31, 2012 and as Recording Secretary and Business Agent prior to December 2010. (Compl. ¶ 3.)

Prior to 2008, employees who also served as officers of the plaintiff received, in addition to their salaries, "Executive Board hourly wages" for attending union meetings. (Compl. ¶ 9.) According to a 2007 memo from the President of IBT, amendments to the IBT Constitution required mandatory changes to all local union by-laws that prohibited full time salaried employees who were union officers from receiving additional hourly wages for attending meetings. (Compl. ¶¶ 10-11.) These changes were never fully incorporated into plaintiff's by-laws, and the defendants continued to disburse Executive Board hourly wages to themselves and others. (Compl. ¶¶ 12-15.)

Plaintiff's members trusted that defendants, as union officers, would disburse funds only as authorized by the IBT Constitution. (Compl. ¶ 8.) Plaintiff alleges defendants Carl Guignard and Kenneth Eaton breached their fiduciary duties to the union when they served as officers of Local 340. (Compl. ¶¶ 3-4, 18.) Plaintiff seeks damages from defendants for these disbursements. (Compl. ¶ 18.)

PROCEDURAL HISTORY

Plaintiff filed its complaint on September 5, 2013. Defendant Eaton filed a motion to dismiss on September 27, 2013 and defendant Guignard filed a nearly identical motion on October 7, 2013.

DISCUSSION

1. Venue

Venue is proper "in the county where any plaintiff or defendant lives" or "in the county where the cause of action took place." 14 M.R.S. § 501 (2013). Defendants cite two cases to support their argument that venue is improper in

2

Cumberland County.[1] The first case, <u>Leete and Lemieux, P.A. v. Horowitz</u>, 2012 ME 71, was withdrawn and superseded. The subsequent opinion does not include any discussion regarding venue. See <u>Leete & Lemieux, P.A. v. Horowitz</u> 2012 ME 115, 53 A.3d 1106. The second case, <u>Gaeth v. Deacon</u>, concerned whether an in-state plaintiff was required to bring an action against an out-of-state defendant in the county where the cause of action arose. The Law Court concluded that venue was proper in the county where the plaintiff resided. <u>Gaeth v. Deacon</u>, 2009 ME 9, ¶ 13, 964 A.2d 621.

In this case, the alleged cause of action took place at the plaintiff's principal place of business, which is in South Portland in Cumberland County. Venue is proper in Cumberland County.

2. <u>Whether the Union's By-Laws Require Exhaustion of Internal Remedies</u>

Defendants also argue that the plaintiff's by-laws require this dispute to be submitted under the plaintiff's disciplinary proceedings before suit can be filed in this court. Section 20 of plaintiff's by-laws, relied on by the defendants in their motion to dismiss, establishes a disciplinary hearing and appeals system for those accused of a breach of the by-laws. See Def.'s Ex. A, 53-58. Nothing in section 20, however, suggests that plaintiff must use the by-laws process before filing suit. Defendants cite no authority to support their argument.

Federal law provides that individual union members may sue union officers and representatives who have breached fiduciary duties to the union and its members. 29 U.S.C. § 501(b) (2012). This cause of action arises only when the union itself fails to initiate suit. Id. The statute, however, does not explicitly

---

[1] Although not stated, the court assumes the defendants believe venue is proper in Androscoggin County or Kennebec County.

3

provide a cause of action to the union. <u>Guidry v. Sheet Metal Workers Nat'l Pension Fund</u>, 493 U.S. 365, 374 n.16 (1990). Federal courts differ regarding whether the union itself may initiate a suit under 29 U.S.C. § 501. <u>See</u> <u>id.</u> Courts that have held unions do not have an implied cause of action have been persuaded, at least in part, by the fact that unions can sue in state court. <u>See</u> <u>Local 1150 Int'l Bhd. of Teamsters v. SantaMaria</u>, 162 F. Supp. 2d 68, 77-78 (D. Conn. 2001) ("[T]he Court finds that Congress contemplated that the unions could bring suit in state court."); <u>United Transp. Union v. Bottalico</u>, 120 F. Supp. 2d 407, 409 (S.D.N.Y. 2000) ("[T]he union could sue the officer under state law in state court."). Nothing in these cases suggests that a local branch of a union is obligated to follow its own internal disciplinary procedures before suing in state court.

The entry is

Defendants' Motions to Dismiss are DENIED.

Dated: March 6, 2014

Nancy Mills
Justice, Superior Court

4

OF COURTS
rland County
y Street, Ground Floor
ıd, ME 04101


HOWARD REBEN ESQ
PO BOX 7060
PORTLAND ME 04112-7060


OF COURTS
erland County
y Street, Ground Floor
ıd, ME 04101


NEIL JAMIESON ESQ
PO BOX 1190
OLD ORCHARD BEACH ME 04072-1190