2007 ME 152

## NCO PORTFOLIO MANAGEMENT, INC.

v.

## Alysia W. FOLSOM.

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 27, 2007.

Decided: Dec. 27, 2007.

---

Edwin Daggett, Daggett & Parker, Portland, for plaintiff.

Alysia Folsom, Buckfield, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD. JJ.

MEAD, J.

[¶ 1]   Alysia Folsom appeals from a Superior Court (Oxford County, *Crowley, J.*) judgment confirming an arbitration award entered in favor of NCO Portfolio Management.  She argues that the court erred in confirming the award because she did not receive notice of the underlying arbitration hearing and because she contests the amount of the arbitration award.  We affirm the judgment.

[¶ 2]   On February 28, 2006, NCO obtained an arbitration award against Folsom in the amount of $12,340.89.   NCO then filed a motion under the Maine Arbitration Act to confirm the award.  Folsom filed a letter with the court contesting the amount of the award and arguing that she had not been given notice of the arbitration hearing.  NCO's reply argued that the arbitration award was served on Folsom and that she filed her opposition to the award outside of the ninety day time limit established by 14 M.R.S. § 5938(2) (2006).  Following a hearing on January 2, 2007, the Superior Court confirmed the arbitration award and entered judgment in favor of NCO. Folsom filed a timely notice of appeal.

[¶ 3]   The Maine Uniform Arbitration Act, 14 M.R.S. §§ 5927–5949 (2006), states that an arbitration agreement is valid and enforceable when there is a written agreement to submit controversies to arbitration.   14 M.R.S. § 5927.   Section 5943 grants jurisdiction to the Superior Court.[1] Unless altered by contract, the Act requires either personal service or service by registered mail no less than five days before the arbitration hearing.  14 M.R.S. § 5931(1).  The arbitrator may decide the controversy notwithstanding the absence of a noticed party.  *Id.*

---

1.   14 M.R.S. § 5946 limits the Act to contracts entered into after October 7, 1967.  It is assumed the contract at issue was entered into after that date.

[¶ 4] Following arbitration, the award is to be signed by the arbitrator and copies are to be delivered to the parties personally, by registered mail, or by means agreed to in the underlying contract. 14 M.R.S. § 5934(1). On application by a party, the court is to confirm an award unless grounds for vacating or modifying the award are presented. 14 M.R.S. § 5937. Excepting claims based on corruption, fraud, or other undue means, a motion to vacate or modify must be brought within ninety days of delivery of the award to the applicant. 14 M.R.S. §§ 5938(2), 5939(1). Once an award has been confirmed, it may be entered and enforced as a judgment. 14 M.R.S. § 5940. An appeal may be taken on a number of grounds, including from the confirmation of an award. 14 M.R.S. § 5945(1)(C).

[¶ 5] The burden of proof is on the party seeking to vacate, modify, or correct the award. *R.C. Audette & Sons, Inc. v. LaRochelle*, 373 A.2d 1226, 1228 (Me.1977). Any effort to challenge the award must be made within the ninety day period. "[O]nce the ninety day period has expired, a party may not defend an application to confirm on the grounds that the award should be vacated, modified or corrected." *Cutler Assoc., Inc. v. Merrill Trust Co.*, 395 A.2d 453, 456 n. 4 (Me. 1978).

[¶ 6] Folsom has not provided a record of the hearing that took place on January 2, 2007, in the Superior Court. As the appellant, she has the burden of providing this Court with a record sufficient to allow consideration of her arguments. *Tenney v. Benson*, 1999 ME 177, ¶ 1, 741 A.2d 454, 455; *Int'l Paper Realty Corp. v. St. Hilaire*, 525 A.2d 1035, 1036 (Me.1987). Given this absence of a record, this Court must "assume that the trial court made its findings based on evidence sufficient to support its decision. . . ." *Id.* at 1036; *Morey v. Stratton*, 2000 ME 147, ¶ 11 n. 4, 756 A.2d 496, 499. For example, a verified copy of the arbitration contract may have been provided to the trial court at the hearing or the parties could have verbally stipulated to various facts during the hearing.

[¶ 7] Because judicial review of arbitration decisions is markedly limited, the party seeking enforcement of such a decision bears the burden of demonstrating that the statutory procedural requirements, as noted above, have been fully satisfied. Ordinarily, the mere attachment of an unverified document purporting to be an arbitration decision to a complaint would not suffice.[2] However, as no record of the January 2, 2007, hearing has been provided, it must be assumed that any inadequacies in the NCO's submissions had been resolved by presentations at the hearing and that the Superior Court had sufficient evidence to support its decision to confirm the award.

The entry is:

Judgment affirmed.

---

2. Indeed, the photocopy attached to the plaintiffs complaint herein refers to service of the decision upon Folsom by regular mail. Service of arbitration decisions in Maine must be in person, by registered mail, or by other means established in the arbitration contract. 14 M.R.S. § 5934(1).