STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-15-0151

JAMES D. KLEIN and
MARGARET L. K. SELIAN

    Plaintiffs,

MARK C. KLEIN

    Defendant,

----------------------------------------

GEROLD K. V. KLEIN, JR.,
ELEANOR K. IYER, KATE E.
KLEIN, PETER L. KLEIN, and
MARGARET L. KLEIN

    Parties-in-Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON PLAINTIFFS' MOTION TO
CONFIRM ARBITRATION AWARD
AND DEFENDANT'S MOTION TO
STAY ARBITRATION OR VACATE
ARBITRATION AWARD

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAR 09 2017

RECEIVED

Before the court is Plaintiffs' motion to confirm an arbitration award, and Defendant's motion to stay arbitration, deny Plaintiffs' motion to confirm, and/or vacate the arbitration award.

## I. Procedural History

On August 1, 2016, attorney William Robitzek conducted mediation to settle a lawsuit regarding, *inter alia*, the division of royalties from a burn treatment. (D.'s Opp'n and Mot. Stay 1.) The mediation resulted in a Term Sheet with provisions whereby the parties indicated their intent to draft a settlement agreement, and to submit disputes as to the terms or implementation of the Term Sheet to Robitzek for binding arbitration. (Pl.'s Mot. Confirm Arbitration Award ¶¶ 2-3.) The Term Sheet was signed by Plaintiffs, Defendant, and all Parties-in-Interest except Gerold K. V. Klein, Jr. (*Id.* ¶ 2 n. 1.)

When disputes arose on the final language of the settlement agreement, the parties requested arbitration. (*Id.* ¶¶ 4-5; D.'s Opp'n and Mot. Stay 2.) By agreement, in

1 of 11

**Plaintiffs-David Sherman, Esq.**
**Defendant-Thomas Hallett, Esq.**

lieu of a hearing, the parties submitted written materials to Robitzek. (D.'s Opp'n and Mot. Stay 2.) Robitzek issued his Arbitrator's Award on November 3, 2016.[1] (Pl.'s Mot. Confirm Arbitration Award ¶ 19.) On November 14, 2016, after several telephonic conferences following November 3, 2016 during which he considered requested changes to his Arbitrator's Award, Robitzek announced he would issue a final Amended Award on November 15, 2016. (*Id.* ¶¶ 21-23.) On that morning, Defendant contacted Robitzek to object to the issuance. (D.'s Opp'n and Mot. Stay 2-3.)

On November 17, 2016, Plaintiffs filed a motion to confirm the Arbitrator's Award. On December 7, 2016, Defendant filed his opposition and a motion to stay arbitration and/or vacate the Arbitrator's Award. On December 20, 2016, Plaintiffs filed a reply in support of their motion to confirm.

II. Discussion

Maine strongly favors arbitration. *Barrett v. McDonald Invs., Inc.*, 2005 ME 43, ¶ 16, 870 A.2d 146. An arbitration agreement or an arbitration provision in a written contract is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for contract revocation. 14 M.R.S. § 5927. The agreement can be a single document or writings exchanged between the parties. *Roosa v. Tillotson*, 1997 ME 121, ¶ 4, 695 A.2d 1196. General rules of contract interpretation apply, and the contract is interpreted to effect the parties' intentions as reflected in the written instrument, construed with regard for the subject matter, motive, and purpose of the agreement, as well as the object to be accomplished. *Reg'l Sch. Unit No. 5 v. Coastal Educ. Ass'n*, 2015 ME 98, ¶ 15, 121 A.3d 98. Part of what is bargained for is the arbitrator's contract

---

[1] Defendant states that Robitzek also issued an Amended Award on November 3, 2016, (D.'s Opp'n and Mot. Stay 2), but Plaintiffs state this is incorrect, (Pl's's Reply to D.'s Opp'n and Mot. Stay 5).

interpretation. *City of Lewiston v. Lewiston Firefighters Ass'n, IAG, Local #785*, 629 A.2d 50, 52-53 (Me. 1993.) The court will uphold the arbitrator's interpretation if it is a rational construction of the contract. *Westbrook v. Teamsters Local No. 48*, 578 A.2d 716, 717 (Me. 1990.)

The Term Sheet from the August 1, 2016 mediation provides, in pertinent part:

(6) Disputes as to the meaning of these terms or its implementation, the parties agree to submit them to William Robitzek for binding arbitration, who shall have discretion to award attorneys' fees to the prevailing party.

*a. Stay of arbitration*

1. Validity of the Term Sheet

The court may grant a stay of arbitration on a showing that there is no agreement to arbitrate. 14 M.R.S. § 5928(2). Parties are not ordered to arbitrate their dispute unless they have agreed to do so in writing. *Patrick v. Moran*, 2001 ME 6, ¶ 5, 764 A.2d 256. Determining substantive arbitrability, i.e., whether parties have made an arbitration agreement, is a function of the court. *Westbrook Sch. Comm. v. Westbrook Teachers Asso.*, 404 A.2d 204, 207 (Me. 1979). However, the absence of a signature goes to the validity of an entire contract, and the validity of the whole contract is a question properly subject to arbitration. *Stenzel v. Dell, Inc.*, 2005 ME 37, ¶ 15, 870 A.2d 133; *see Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04, 87 S. Ct. 1801, 1806 (1967).

Defendant argues there was no valid arbitration agreement because the Term Sheet was not signed by Gerold who was listed as one of the "Parties" on the Term Sheet, and that a November 16, 2016 email from Robitzek saying "whether there was ever a valid agreement to arbitrate" was "a matter that needed to be litigated" implied the arbitration provision may not be valid. (D.'s Opp'n and Mot. Stay 9-10.)

Here, Robitzek's interpretation that the Term Sheet was a valid contract, implied by his performance of the arbitration despite the absence of Gerold's signature, was reasonable where the Term Sheet, including the arbitration provision, was negotiated during a long day of mediation, *see Barrett*, 2005 ME 43, ¶ 22, 870 A.2d 146, and did not explicitly require all parties to sign to establish its validity. All parties, including Defendant, were aware Gerold did not sign, and yet they voluntarily invoked and participated in the subsequent arbitration, when they exchanged emails to establish a non-testimonial arbitration process and then submitted written materials as directed by Robitzek's September 30, 2016 arbitration order, evidencing their agreement to arbitrate their disputes as described in the Term Sheet. (Pl.'s Mot. Confirm Arbitration Award ¶¶ 2, 6, 8; D.'s Opp'n and Mot. Stay 2); *Roosa*, 1997 ME 121, ¶ 3, 695 A.2d 1196. Defendant did not object to the arbitration process until November 15, 2016, after teleconferencing several times with Robitzek following the November 3, 2016 issuance of the Arbitrator's Award to press for amendments. (D.'s Opp'n and Mot. Stay 2.) Robitzek's email that the arbitration agreement's validity must be litigated is only a restatement of law which says the courts decide substantive arbitrability via either a motion to compel or stay, or a motion to vacate. 14 M.R.S. §§ 5928(2), 5938(1)(E); *Anderson v. Banks*, 2012 ME 6, ¶ 13, 37 A.3d 915. The language of the arbitration provision itself is not so broad as to imply Robitzek's authority to evaluate Defendant's defenses to its enforcement. *Cf. Anderson v. Constance Banks*, No. CV-10-19, 2011 Me. Super. LEXIS 28, at *11 (Feb. 23, 2011.) But, the court defers to Robitzek's decision that the Term Sheet, including the arbitration provision, was a valid contract. *See Bennett v. Prawer*, 2001 ME 172, ¶ 8, 786 A.2d 605.

## 2. Validity of the arbitration provision

In the alternative, if this court is to decide the validity of the arbitration provision, the question arises as to whether Defendant preserved the issue. *See Pelletier*

*& Flanagan v. Me. Court Facilities Auth.*, 673 A.2d 213, 216 (Me. 1996). A party is not required to file a motion to stay to preserve this issue. *Anderson*, 2012 ME 6, ¶ 13, 37 A.3d 915. However, Maine Rule of Civil Procedure 8(c) implies the failure to plead an avoidance defense generally results in a waiver. *See R.C. Moore, Inc. v. Les-Care Kitchens, Inc.*, 2007 ME 138, ¶ 24, 931 A.2d 1081. Defendant made no filings or objections to arbitration prior to November 15, 2016. (D.'s Opp'n and Mot. Stay 2); *Cf. Anderson*, 2011 Me. Super. LEXIS 28, at *4-5. The arbitration provision was sufficiently definite on what promisors undertook in participating which was to be bound by Robitzek's award. *Stenzel*, 2005 ME 37, ¶ 10, 870 A.2d 133. Defendant manifested his acceptance to the arbitration provision with his voluntary participation, which is inconsistent with saying the agreement was invalid. *Id.* ¶ 12; *Saga Communs. of New England, Inc. v. Voornas*, 2000 ME 156, ¶ 12, 756 A.2d 954; (D.'s Opp'n and Mot. Stay 2); *Cf. Anderson*, 2012 ME 6, ¶ 5, 37 A.3d 915. Defendant is estopped from asserting invalidity, based on his unpreserved affirmative defense, when he did not object until after he received an adverse result. *Leete & Lemieux, P.A. v. Horowitz*, 2012 ME 71, ¶ 15, 53 A.3d 1106.

Even if Defendant preserved the issue, the arbitration provision is valid where Defendant participated in the mediation that produced the Term Sheet and had opportunity to review before signing. *Stenzel*, 2005 ME 37, ¶ 12, 870 A.2d 133. Plaintiffs produced several writings evidencing an arbitration agreement between them and Defendant, including the Term Sheet and emails establishing the arbitration procedure. *Cf. Patrick*, 2001 ME 6, ¶ 9, 764 A.2d 256. The court declines to consider the absence of Gerold's signature in its evaluation of substantive arbitrability as it goes to the validity of the Term Sheet as a whole. *See Stenzel*, 2005 ME 37, ¶ 15, 870 A.2d 133. The provision, itself, has no language requiring all parties to sign or potential legal consequences if a party were not to sign, and it is a generally accepted principle that any ambiguity in

that language will be interpreted against the drafter. *Barrett*, 2005 ME 43, ¶ 15, 870 A.2d 146. Furthermore, Defendant manifested his acceptance to the arbitration provision and his intent to be bound with the purpose of putting the terms into effect with his voluntary participation. *Stenzel*, 2005 ME 37, ¶¶ 12, 14, 870 A.2d 133.

*b. Motion to confirm*

A motion for confirmation of an arbitrator's award shall be granted unless a party asks to vacate, modify, or correct the award. 14 M.R.S. § 5937. The burden of proof is on the party seeking to deny confirmation. *NCO Portfolio Mgmt. v. Folsom*, 2007 ME 152, ¶ 5, 938 A.2d 24. If the application to vacate is denied, the court shall confirm the award. 14 M.R.S. § 5938(4).

1. Procedural issues with arbitration

Defendant argues even if the arbitration provision was valid, the arbitration was invalid because there was no hearing and notice. (D.'s Opp'n and Mot. Stay 2, 4.)

Unless otherwise provided by the agreement, an arbitrator must provide notice and conduct a hearing where the parties are entitled to be heard, present evidence, and cross-examine witnesses. 14 M.R.S. § 5931; *NCO Portfolio Mgmt.*, 2007 ME 152, ¶ 3, 938 A.2d 24. A court will uphold an arbitrator's interpretation of procedure if it is a rational construction of the contract, where general principles of contract interpretation apply. *Westbrook Sch. Comm.*, 404 A.2d at 208; *Barrett*, 2005 ME 43, ¶ 17, 870 A.2d 146.

Here, Robitzek's interpretation that the arbitration agreement did not require a hearing was reasonable. In an email to Robitzek on September 30, 2016, Defendant explicitly stated his agreement with Plaintiffs to have a non-testimonial hearing, thereby effectively consenting to a deviation from the statutory default, and manifesting his intent to comply with new terms. (Pl.'s Mot. Confirm Arbitration Award ¶ 6 Ex. 2); *see Westbrook*, 578 A.2d at 719; *see Stenzel*, 2005 ME 37, ¶¶ 12, 14, 870 A.2d 133. Once

Defendant manifested agreement to the procedure, he could not alter it without formal written agreement. *Id.* ¶ 20.

## 2. Validity of Arbitrator's Award

Defendant argues there was no valid award ever issued that could now be confirmed because the November 3, 2016 Arbitrator's Award never took effect. (D.'s Opp'n and Mot. Stay 3.) He argues Robitzek's intent that the Arbitrator's Award was not final was evidenced by: (1) an amended award Defendant claims was issued the same day, (2) the continuing discussions after November 3, 2016, (3) Robitzek's announcement to issue a final award on November 15, 2016, and (4) Robitzek's November 16, 2016 email stating if the parties do not litigate the validity of the arbitration agreement, then he would "consider a renewed request to arbitrate." (*Id.* 2-3.)

There is no language in the Arbitrator's Award to indicate it was not a valid, confirmable award, Plaintiffs dispute whether an amended award on November 3, 2016, and Robitzek's willingness to listen to grievances over the Arbitrator's Award were no guarantee it would be amended. There is no prohibition on amending an otherwise valid, confirmable award. To the contrary, the Uniform Arbitration Act (UAA), 14 M.R.S. §§ 5927-5949, includes a provision for changing an award after it has been modified or corrected by the arbitrator. 14 M.R.S. § 5935. Robitzek's November 16, 2016 email only stated he would consider serving as an arbitrator in the future and not that the Arbitrator's Award was not effective. (D.'s Opp'n and Mot. Stay 3.) Finally, in the Arbitration Award, Robitzek expressly stated his continuing jurisdiction to arbitrate disputes as to the meaning of the Award's terms or implementation, indicating his contemplation that he might amend the Award at some future time but not implying that the Award was not effective. (Pl.'s Mot. Confirm Arbitration Award ¶ 19 Ex. 4.)

*c. Motion to vacate*

Even if the Arbitrator's Award was valid, Defendant asks this court to vacate the award because his rights were prejudiced and Robitzek exceeded his powers as an arbitrator where: (1) the mediator and arbitrator were the same person, (2) there was no hearing where he could have, *inter alia*, presented evidence and cross-examined parties as to the meaning of the terms "royalties" and "implementation", and (3) Robitzek did not follow the statutory notice and hearing procedure. (D.'s Opp'n and Mot. Stay 5, 6, 8.)

The burden of proof to vacate an arbitration award is on the moving party to prove one of the specific statutory grounds requiring the court to vacate. *Macomber v. Macquinn-Tweedie*, 2003 ME 121, ¶ 16, 834 A.2d 131.

### 1. Vacate when arbitrator exceeded their powers

The court shall vacate an award if the arbitrator exceeded their powers. 14 M.R.S. § 5938(1)(C). The burden of proving the arbitrator exceeded their authority rests on the party attacking the award. *City of Lewiston*, 629 A.2d at 53. The standard for determining whether an award exceeds an arbitrator's power is extremely narrow. *Id*. at 52. It is the arbitrator's construction of a contract that is bargained for, and only when there is a manifest disregard of the contract or the award contravenes public policy will a court disturb the award. *Id*. at 52-53; *Bennett*, 2001 ME 172, ¶ 8, 786 A.2d 605. An arbitrator does not exceed their powers merely because of error or law or fact. *Macomber*, 2003 ME 121, ¶ 16, 834 A.2d 131; *HL 1 LLC v. Riverwalk, LLC*, 2011 ME 29, ¶ 18, 15 A.3d 725. Instead, an evaluation as to whether the arbitrator exceeded their powers is about the way the arbitrator decides the merits. *Westbrook Sch. Comm.*, 404 A.2d at 208. Once consenting to the arbitration, a party is bound by the arbitrator's determination of legal issues. *Bennett*, 2001 ME 172, ¶ 10, 786 A.2d 605.

Here, the arbitration provision contemplated questions over definitions, was expressly written to address them, and specifically gave Robitzek the power to determine the meaning of the words in the Term Sheet. *See V.I.P., Inc. v. First Tree Dev.*, 2001 ME 73, ¶ 6, 770 A.2d 95. By his submission of disputes to arbitration under the Term Sheet, Defendant made Robitzel's arbitration the proper forum to interpret the Term Sheet's language in a way consistent with the entire agreement. *See Westbrook*, 578 A.2d at 721. "Royalties" and "implementation" are both terms in the Term Sheet, and therefore the parties did agree they possibly would be subject to arbitration. *See Caribou Bd. of Educ. v. Caribou Teachers Asso.*, 402 A.2d 1287, 1291 (Me. 1979). Robitzek was correct in his determination that he had the power to decide what they meant. *Id.* at 1292.

Defendant argues Robitzek improperly based his definition of "royalties" entirely on information gained during the mediation. (D.'s Opp'n and Mot. Stay 7-8.) Indeed, Robitzek acknowledges the mediation as a source for his definition. (Pl.'s Mot. Confirm Arbitration Award ¶ 19 Ex. 4.) However, basing his definition on such information would not rise to a manifest disregard of the Term Sheet or contravene public policy. Defendant had the opportunity to advocate for his definition of the terms during the mediation, through the writings he submitted to Robitzek prior to the arbitration, and during the teleconferences after the Arbitrator's Award was issued when he saw the definition chosen by Robitzek. *See Stenzel*, 2005 ME 37, ¶ 12, 870 A.2d 133.

2. Vacate when the arbitration hearing was conducted contrary to the UAA

The court shall vacate an award when the arbitrator conducted the arbitration hearing contrary to the UAA as to prejudice substantially the rights of a party, where prejudice refers to inherent unfairness in terms of delay, expense, or damage to a party's

legal position. 14 M.R.S. § 5938(1)(D); *Saga Communs. of New England, Inc.*, 2000 ME 156, ¶ 17, 756 A.2d 954.

Defendant argues his rights were prejudiced when he had no opportunity to cross-examine Plaintiffs as to their definition of "royalties." (D.'s Opp'n and Mot. Stay 7-8.)

Here, Defendant knew of Robitzek's intention of not holding a hearing, when it was he and Plaintiffs who informed Robitzek via emails of their agreement to a non-testimonial hearing, thereby, in effect concurring with waiving the statutory hearing and notice provisions. (Pl.'s Mot. Confirm Arbitration Award ¶ 6 Ex. 2); *See Westbrook*, 578 A.2d at 719. To effectively preserve his objection, Defendant had the obligation just as soon as the hearing issue arose to inform the other parties that he would object to any upcoming arbitration. *See Westbrook*, 578 A.2d at 719; *see Pelletier & Flanagan*, 673 A.2d at 216. Furthermore, despite the absence of a hearing before the issuance of the Arbitrator's Award, Defendant had opportunity to present his definition of "royalties" during the conferences that occurred subsequent to the issuance of the Award when he learned of Robitzek's definition and prior to the intended issuance of an amended award.

III. Conclusion

Based on the foregoing, Plaintiffs' motion to confirm the November 3, 2016 arbitration award is GRANTED, and Defendant's motion to stay arbitration, deny Plaintiffs' motion to confirm, and/or vacate the arbitration award is DENIED.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: ___3|8|17___

Lance E. Walker
Justice, Superior Court



STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CUMSC-CV-15-151

JAMES D. KLEIN and
MARGARET L.K. SELIAN,

     Plaintiffs,

     v.

MARK C. KLEIN

     Defendant,

     and

GEROLD K.V. KLEIN, JR.,
ELEANOR K. IYER, KATE E. KLEIN,
PETER L. KLEIN, and
MARGARET L. KLEIN,

     Parties-in-Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANT'S
MOTION TO DISMISS

STATE OF MAINE
Cumberland ss Clerk's Office

MAR 29 2016

RECEIVED

Presently before the court is Defendant Mark C. Klein's motion to dismiss for failure to join necessary parties or, in the alternative, for an order requiring the mandatory joinder of necessary parties. Oral argument was held on January 26, 2016.

Based on the following, Defendant's motion to dismiss or for an order requiring mandatory joinder is denied.

## I.    BACKGROUND

According to the second amended complaint, Dr. Gerold K.V. Klein and Mrs. Margaret L. Klein were married and had seven children. (2d Amend. Compl. ¶¶ 1-2.) Dr. Klein died testate on June 11, 1994. (*Id.* ¶ 6.) Dr. Klein's will bequeathed substantially all of his assets to Mrs. Klein. (*Id.* ¶ 8.) The will gave Mrs. Klein the authority to disclaim any property passing under the will, which would then be distributed to a "Disclaimer Trust." (*Id.* ¶¶ 9-10.) Pursuant

1

to the terms of the will, income from the Disclaimer Trust was to be paid to Mrs. Klein. (*Id.* ¶ 11.) Upon Mrs. Kelin's death, the remaining corpus of the Disclaimer Trust is to be distributed to the seven children. (*Id.* ¶ 12.) Thus, the seven children are remainder beneficiaries of the Disclaimer Trust. (*Id.* ¶ 13.) The will appointed Mrs. Klein as trustee of the Disclaimer Trust and authorized her to appoint a co-trustee. (*Id.* ¶ 14.) Mrs. Klein appointed Defendant Mark C. Klein, one of the seven children, as co-trustee of the Disclaimer Trust. (*Id.* ¶ 15.)

The complaint alleges that, on or about March 6, 1995, Mrs. Klein disclaimed her interest in certain patents bequeathed to her under the will and assigned those patents to the Disclaimer Trust. (*Id.* ¶¶ 37-39.) On April 15, 1998, Mrs. Klein and Defendant, as trustees of the Disclaimer Trust, assigned the patents to Mrs. Klein. (*Id.* ¶ 43.) That same day, Mrs. Klein transferred her interest in the patents to Defendant. (*Id.* ¶ 44.) The complaint alleges that Defendant has profited from licensing the patents to another company. (*Id.* ¶¶ 51-57.)

On April 13, 2015, five of the seven siblings, James D. Klein, Margaret L.K. Selian, Eleanor K. Iyer, Kate E. Klein, and Peter L. Klein filed this action against Defendant. (Compl. 1.) The complaint sought a declaratory judgment that the assignment of the patents is voidable and that the siblings, as remainder beneficiaries, are entitled to an accounting of the Disclaimer Trust and a portion of the profits from the licensing of the patents. (*Id.* ¶¶ 76-79.) The complaint also asserted five counts of breach of fiduciary duty, one count of tortious interference with expectancy of a legacy, and one count of unjust enrichment against Defendant. (*Id.* ¶¶ 80-116.) The complaint also sought to remove Defendant as trustee of the Disclaimer Trust. (*Id.* ¶¶ 117-20.) The complaint named Mrs. Klein and another sibling who chose not to participate in action, Gerold K.V. Klein, Jr., as parties-in-interest. (*Id.* at 1.)

2

The complaint was amended on July 10, 2015, because one of the sibling-plaintiffs, Kate E. Klein, had decided to withdraw from the litigation. (Amend. Compl. 1.) The amended complaint named Kate E. Klein as a party-in-interest in the action. (*Id.*) The complaint was amended a second time on October 6, 2015, because two additional sibling-plaintiffs also decided to withdraw from the litigation. (2d Amend. Compl. 1.) Only two of the siblings, James D. Klein and Margaret L.K. Selian, remain as plaintiffs in this action (collectively "Plaintiffs"). (*Id.*) Plaintiffs have named of the all of the other siblings, Gerold K.V. Klein, Jr., Eleanor K. Iyer, Kate E. Klein, Peter L. Klein (collectively the "Non-Plaintiff Siblings"), and Mrs. Klein as parties-in-interest. (*Id.*)

On October 28, 2015, Defendant filed a motion to dismiss for failure to join necessary parties or, alternatively, for an order requiring mandatory joinder of necessary parties. (Def. Mot. Dismiss 1.) Defendant asserts that the Non-Plaintiff Siblings are necessary parties to this action under Maine Rule of Civil Procedure 19(a) because of their interests in the remainder of Disclaimer Trust. (*Id.* at 6.) Defendant asserts that, without joinder of the Non-Plaintiff Siblings as plaintiffs or defendants, complete relief cannot be accorded, that disposition of this action may impair the Non-Plaintiff Siblings' ability to protect their interests, and that Defendant could be subject to multiple litigations. (*Id.* at 6-8.) Plaintiffs do not dispute that the Non-Plaintiff Siblings are necessary parties. (Pls. Opp'n to Def. Mot. to Dismiss 4-8.) Rather, Plaintiffs argue that joinder of the Non-Plaintiff Siblings as parties-in-interest satisfies Rule 19(a). (*Id.*) Defendant argues that Plaintiffs' joinder of the Non-Plaintiff Siblings as parties-in-interest does

3

not satisfy Rule 19(a) and that the Non-Plaintiff Siblings must be joined as plaintiffs or defendants in this litigation.[1] (Def. Reply to Pls. Opp'n to Def. Mot. Dismiss 4.)

## II. STANDARD OF REVIEW

Pursuant to Maine Rule of Civil Procedure 12(b)(7), the court may dismiss a civil action when the complaint fails to join a necessary party pursuant to Rule 19. M.R. Civ. P. 12(b)(7). However, if joinder of a necessary party is feasible, the court may order the party be join in the action. M.R. Civ. P. 19(a), 21.

When interpreting the Maine Rules of Civil Procedure, the court looks to the plain language of the rule to determine its meaning. *Gauthier v. Gerrish*, 2015 ME 60, ¶ 9, 116 A.3d 461. Maine Rule of Civil Procedure 19(a) provides:

> A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

M.R. Civ. P. 19(a).

## III. ANALYSIS

There is no dispute between Plaintiffs and Defendant that the Non-Plaintiff Siblings are necessary parties to this litigation because of their interest in the Disclaimer Trust as remainder beneficiaries. (Def. Mot. Dismiss 6-8; Pls. Opp'n to Def. Mot. to Dismiss 4-8.) Further, the Law Court has held that future interest holders are necessary parties to ensure full and fair

---

[1] Defendant does not challenge Plaintiffs' joinder of Mrs. Klein as a party-in-interest though Mrs. Klein, as the present beneficiary and co-trustee of the Disclaimer Trust, has as much an interest in this litigation as the Non-Plaintiff Siblings.

4

adjudication. *Larrabee v. Town of Knox*, 2000 ME 15, ¶¶ 7-8, 744 A.2d 544. The Declaratory Judgment Act also states, "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration...." 14 M.R.S. § 5963. Because this action seeks a declaratory judgment regarding the parties' interests in the Disclaimer Trust, all persons with a present and future interest in the Disclaimer Trust are necessary parties to this action. Therefore, the only issue for the court is whether Plaintiffs' joinder of the Non-Plaintiff Siblings as parties-in-interest satisfies Rule 19(a).

Rule 19(a) does not define necessary parties "according to abstract labels that may be applied to their interest." 2 Harvey, *Maine Civil Practice* § 19:1 at 558 (3d ed. 2011). Rather, Rule 19 defines necessary parties by describing the practical effect of their nonjoinder. *Id.* Rule 19(a) simply requires the joinder of all persons who have an interest in an action, "so that any judgment will effectively and completely adjudicate the dispute." *Ocwen Fed. Bank v. Gile*, 2001 ME 120, ¶ 14, 777 A.2d 275 (internal citation and quotation marks omitted). Rule 19(a) ensures that unjoined parties' interests will not be prejudiced without their participation and that active parties will not have to relitigate the issues. *Id.* Nothing in the plain language of Rule 19(a) requires that necessary parties be joined only as plaintiffs or defendants. Rule 19(a) merely requires that persons who must be joined in order to ensure just adjudication be made parties to the action in some way.

Additionally, with regard to necessary parties that should be joined as plaintiffs, Rule 19(a) states: "If the person should join as a plaintiff but refuses to do so, the person *may* be made a defendant." M.R. Civ. P. 19(a) (emphasis supplied). This language is plainly and unambiguously permissive, not mandatory. Therefore, Rule 19(a) does not require a necessary plaintiff who refuses to join in an action be made a defendant, it simply permits plaintiffs or the

5

court to join a necessary plaintiff who refuses to participate in the action as a defendant though no claims are asserted against them.

Here, the Non-Plaintiff Siblings have either withdrawn or chosen not to participate as plaintiffs. Nevertheless, they are necessary parties to this litigation because of their future interests in the Disclaimer Trust. Complete and fair adjudication cannot be achieved without their participation. Therefore, Plaintiffs properly joined the Non-Plaintiffs Siblings in this action. Rule 19(a) did not require the Non-Plaintiff Siblings be made plaintiffs or defendants. As parties-in-interest, the Non-Plaintiff Siblings are parties to this action and any outcome will have preclusive affect on them. Whether the Non-Plaintiff Siblings actively participate in this action in order to protect their rights is entirely their decision. Therefore, Plaintiffs have joined all necessary parties in this action.

## IV. CONCLUSION

Defendant's motion to dismiss for failure to join necessary parties or for an order requiring mandatory joinder is denied.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 3/29/16

Lance E. Walker
Justice, Superior Court

6