STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           CIVIL ACTION
                                        DOCKET NO. CV-2021-185


ERICA WOOD,
        Plaintiff

        v.                              **JUDGMENT**

PATRIOT VINYL SIDING CO.,
        Defendant


The court, having confirmed the Arbitrator's Award of November 20, 2020, the entry is:

Judgment is entered in favor the Plaintiff Erica Wood and against Defendant Patriot Vinyl Siding Co., in the amount of $40, 298.82, plus prejudgment interest at the rate of 3.09% and post judgment interest at the rate of 6.29%, plus costs.


The Clerk is directed to incorporate this Order into the docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).


DATED: May 18, 2022

Entered on the docket 5|19|2022

William R. Stokes
Superior Court Justice

STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-2021-185

ERICA WOOD,
        Plaintiff

v.

**ORDER ON PENDING MOTIONS**

PATRIOT VINYL SIDING CO.,
        Defendant

## INTRODUCTION

This case involves the application by Erica Wood (Wood) to confirm an arbitrator's award in her favor. Patriot Vinyl Siding Co. (Patriot) has moved to vacate the award. There are several other motions before the court that need to be addressed in the overall context of deciding the central question of whether the arbitration award should be confirmed or vacated.

This case arises out of a construction contract between Wood and Patriot and a related Construction Escrow Agreement, pursuant to the Home Accessibility and Repair Program administered by the Maine State Housing Authority. KVCAP served as the Escrow Agent under the contract.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As found by the Arbitrator, on or about July 9, 2018, Wood and Patriot entered into a Construction Contract to preform repairs and renovations at Wood's property located at 146 High Street, Lot 9, in Oakland. After change orders were authorized, the completion date of the project was November 1, 2018. At the time of the final "walk-through" on the project, Wood indicated that she was not satisfied with the quality of the work performed by Patriot.

In February 2019, Wood was made aware by tenants at the residence that there was mold in one of the bedrooms. In 2019 and 2020, Wood arranged for several inspections of her property. At least two independent inspections placed the blame for the mold on work performed by Patriot. On the other hand, an inspection by KVCAP, the escrow agent under the contract, determined that Patriot was not responsible for the mold problems at Wood's mobile home.

Under the terms of the construction contract between the parties, "disputes [are] to be resolved through arbitration with the parties agreeing to accept as final the arbitrator's decision. The APPLICANT/OWNER and the CONTRACTOR agree to use the dispute resolution process set forth in the *Construction Escrow Agreement.*" *See* Construction Contract § 12. Section 8 of the Construction Escrow Agreement provides that the parties "will notify the Escrow Agent of any disputes between them." "[W]ithin fifteen days from receipt of a complaint," the Escrow Agent "shall . . . organize an informal meeting with the APPLICANT/OWNER and the CONTRACTOR." If the informal meeting does not result in a resolution of the issue, and the parties cannot otherwise resolve their disagreement, "then the issue shall be resolved through binding arbitration as regulated by the Maine Uniform Arbitration Act," which shall occur "as soon as possible after the informal conference." "The award rendered by the arbitrator shall be final and judgment may be entered upon it in any court having jurisdiction thereof."

On July 30, 2020, Wood requested KVCAP, as the escrow agent, to begin the dispute resolution process under the contract. Attorney Rebekah J. Smith was appointed as the arbitrator. Using email, the arbitrator reached out to the parties. Ms. Wood was represented by counsel. Patriot was not represented at that time, although there were periods when legal counsel did become involved representing Patriot on a limited basis. Marc Roderick, the owner of Patriot, did respond by email on August 17, 2020, to the arbitrator's efforts to schedule a pre-hearing conference

2

and the arbitration hearing itself. Additional email communications took place around the issue of scheduling, but neither Mr. Roderick nor anyone else representing Patriot, responded. On August 29, 2020, a Notice of Hearing was issued via email, setting the arbitration hearing for October 14, 2020. A pre-hearing video conference was held on September 16, 2020, at which counsel for Wood participated, but Patriot did not appear or participate.

The arbitration hearing was held on October 14, 2020, via ZOOM. Ms. Wood, her daughter Kayla and Ms. Terry Mitrenga, a law clerk in the law office representing Ms. Wood, testified. Homeowner's Exhibits 1-5 and 7 were admitted into evidence. No one representing Patriot participated at the hearing. In an Award dated November 20, 2020, the Arbitrator ordered Patriot to pay Wood the sum of $40, 298.82 within 60 days of the Award. The Arbitrator's Award was sent to the parties by email and by first-class mail. *See* Order of June 9, 2021, at 2.

On December 24, 2020, Mr. Roderick, on behalf of Patriot, filed a request with the Arbitrator to reopen the record and conduct a new arbitration hearing because, he claimed, he had not received legally sufficient notice of the date of the arbitration hearing on October 14, 2020. Moreover, Mr. Roderick complained that the informal meeting between the parties, which was required by Section 8 of the Construction Escrow Agreement, was never held prior to the arbitration hearing. Subsequently, in an affidavit dated January 14, 2021, Mr. Roderick stated that he was unaware of emails sent to him between August 17, 2020 and October 2020 and, therefore, was unaware of the October 14, 2020 arbitration hearing. He asserted that he expected to receive notice of the hearing date by mail or through a phone call.

During this time, Mr. Roderick and Patriot were represented by counsel. On January 22, 2021, the Arbitrator conducted the first day of an evidentiary hearing on the request to reopen the record. The evidentiary hearing was not concluded on that day because, in the meantime and at the request of the arbitrator, KVCAP organized

an informal meeting between the parties in an effort to reach an agreed-upon resolution. The informal meeting was not successful in achieving that goal.

The second day of the evidentiary hearing was held on March 17, 2021. Additional testimony was taken, and additional exhibits were offered and admitted by Ms. Wood and Patriot. In essence, the testimony of Mr. Roderick and his wife, Raquel, was to the effect that in March 2020, around the time COVID-19 made its appearance in the United States, Mr. Roderick spent most of his time working at the family camp in Embden, where he did not have good internet or cell phone service. Mr. Roderick testified that when he began reading his email messages, he discovered that he had 3300 unread messages. He acknowledged that he may have received an email message regarding the date of the arbitration hearing but, if he did, he had not read it. Other testimony before the arbitrator showed that Mr. Roderick was aware of the arbitration proceeding but believed that he would receive notice of the hearing, either by registered mail or by service by a deputy sheriff. Moreover, there was some evidence suggesting that Mr. Roderick was under the impression that the matter had been resolved by KVCAP and he did not have to participate in the arbitration proceeding.

After the evidentiary hearing concluded, the Arbitrator issued an Order dated June 9, 2021, holding that Mr. Roderick had received actual notice of the arbitration hearing but chose not to read his emails. She further found that the email communications between the parties and the arbitrator made it clear that notices and dates would be scheduled by email. Finally, relying upon recommended revisions to the Uniform Arbitration Act, the Arbitrator concluded that the notice requirements of the Maine Uniform Arbitration Act had been satisfied. Accordingly, Patriot's request to reopen the record and hold a new arbitration hearing was denied.

On October 27, 2021, Wood filed with this court an "Application for Confirmation of Arbitration Award," attached to which were (1) the Arbitrator's

4

Award of November 20, 2020, and (2) the Arbitrator's Order of June 9, 2021. Although it does not appear from the face of the application, Ms. Wood named the Maine State Housing Authority (MSHA) as a party-in-interest. As a result, on November 4, 2021, MSHA moved to dismiss it as a party-in-interest, which Patriot has opposed.

For its part, on December 15, 2021, Patriot moved for an order to join KVCAP and MSHA as party defendants, presumably pursuant to M.R.Civ.P. 19(a) (Patriot's motion was for compulsory joinder). In addition, on the same date, Patriot moved to vacate the Arbitrator's Award.

On December 23, 2021, Wood moved to strike Patriot's Answer as "insufficient" because it was filed beyond the time permitted by 14 M.R.S. § 5938 to challenge an arbitrator's award. At the same time, and for the same reason, Wood objected to Patriot's motion to vacate the award.

On December 28, 2021, MSHA moved to strike Patriot's reply brief to MSHA'a motion to dismiss it as a party-in-interest.

## DISCUSSION

There is a "strong policy favoring arbitration." *Westbrook Sch. Comm. v. Westbrook Teachers' Ass'n.,* 404 A.2d 204, 207-08 (Me. 1979). "The burden of proof is on the party seeking to vacate, modify, or correct the [arbitration] award." *NCO Portfolio Mgmt. v. Folsom*, 2007 ME 152, ¶ 5, 938 A.2d 24.

The Maine Uniform Arbitration Act provides, in 14 M.R.S. § 5937, that "[u]pon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 5938 and 5939."

In this case, Wood submitted her application for confirmation of the arbitrator's award on October 27, 2021, and at that time no motion to vacate, modify

or correct the award had been filed with the court. Nevertheless, on December 15, 2021, Patriot moved to vacate the award, presumably pursuant to 14 M.R.S. § 5838(1). That section spells out the grounds on which a party may seek to vacate an arbitration award. Most pertinent to this case is section 5938(1)(D), which directs the court to vacate an award where: "The arbitrators . . . so conducted the hearing, contrary to the provisions of section 5931, as to prejudice substantially the rights of a party."[1]

It is Patriot's contention that the Arbitrator in this case substantially prejudiced his rights by: (i) failing to send him "legally sufficient" notice as required by section 5931(1) and (ii) holding the arbitration hearing and making an arbitration award prior to the informal meeting as required by the Construction Escrow Agreement.

Title 14 M.R.S. § 5931(1) states: "The arbitrators shall appoint a time and place for the hearing and cause notification to the parties to be served personally or by registered mail not less than 5 days before the hearing." Here, it is undisputed that the Arbitrator did not serve the parties notice by registered mail, nor were the parties served personally with notice in the traditional way we think of "personal service". *See* M.R.Civ.P. 4(c) & (d).[2] The Arbitrator conducted a two-day evidentiary hearing on the question of whether to reopen the record and hold a new arbitration hearing because of the notice issue and whether it prejudiced substantially the rights of Patriot. She ultimately concluded that Mr. Roderick had been sent

---

[1] Patriot has also suggested that Ms. Wood engaged in fraudulent activity in connection with this construction project by renting the premises to tenants, allegedly in violation of program rules. Patriot, however, has not alleged that the arbitration award itself was "procured by corruption, fraud or other undue means," within the scope of 14 M.R.S. § 5938(1)(A)

[2] It might also be noted that the decisions of the Arbitrator, including the Arbitration Award of November 20, 2020, were sent to the parties by email and first-class mail. 14 M.R.S. § 5934 states: "The arbitrators shall deliver a copy [of the award] to each party personally or by registered mail, or as provided in the agreement." *See NCO Portfolio Mgmt. v. Folsom*, 2007 ME 152, ¶ 7, n.2.

notice of the arbitration hearing in a timely fashion, but had simply failed to read that notice and, therefore, had not been substantially prejudiced by the failure to comply with the literal language of the statute.

Regarding the argument that the failure to hold an "informal meeting" to resolve the dispute prior to the arbitration hearing, as required and contemplated by the Construction Escrow Agreement, was a "fatal" error in the arbitration process, the Arbitrator concluded that this "failure" had been cured by holding the informal meeting on February 17, 2021.[3] Moreover, the Arbitrator pointed out that neither party, bur particularly Patriot, complained at the time about the arbitration hearing moving forward and being scheduled without the informal meeting.

A. The Motion to Vacate

As noted above, Maine's Uniform Arbitration Act states that an arbitration award shall be confirmed by the court, upon application of a party, "unless within the time limits hereinafter imposed grounds are urged for vacating . . . the award." 14 M.R.S. § 5937. The time limits referred to in section 5937 are spelled out specifically in section 5938(2):

> An application under this section [vacating an award] shall be made within 90 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known.

The arbitration award in this case is dated November 20, 2020. It was emailed and sent by first-class mail to the parties. The record is not entirely clear when "delivery" of the award was made to Patriot, though Mr. Roderick, within the meaning of 14 M.R.S. § 5934 (decisions must be delivered "personally or by

---

[3] Patriot complains, however, that the informal meeting was a "vital" component of the dispute resolution process under the Construction Escrow Agreement and that it was rendered meaningless by being held after the parties already knew that an award had been issued.

7

registered mail").[4] Nevertheless, Mr. Roderick clearly was in actual receipt of the Arbitrator's Award by December 24, 2020, which is when he submitted an email request to the Arbitrator to reopen the record.

The June 9, 2021 Order of the Arbitrator was received by Mr. Roderick no later than June 14, 2021.

Patriot's motion to vacate the award was filed on December 15, 2021, well beyond the 90 days after delivery (actual receipt) of either the Award of November 20, 2020 or the Order of June 9, 2021.

The court will assume that Patriot's request to reopen the record "tolled" the running of the 90-day period for making a motion to vacate, although it is hardly certain that this is accurate. *See Cutler Associates, Inc. v. Merrill Trust Co.,* 395 A.2d 453, 455-56 (Me. 1978). Even if the running of the 90-day limitation period started on June 14, 2021, Patriot's motion to vacate the Award is out-of-time. The Law Court has made it apparent that the 90-day time period within which to seek to vacate or modify or correct an arbitration award knows only one exception, namely, claims based on corruption, fraud or other undue means, and even then, such claims must be brought within 90 days of actual or constructive knowledge of them. *Cutler Associates,* 395 A.2d at 456, n. 4 (". . . once the ninety day period has expired, a party may not defend an application to confirm on the ground that the award should be vacated, modified or corrected"); *NCO Portfolio Mgmt. v. Folsom,* 2007 ME 152, ¶ 5 ("Any effort to challenge the award must be made within the ninety day period").

In this case, a timely motion to vacate the Arbitrator's Award was not filed, nor was it pending, when Wood submitted her application to confirm the award.

---

[4] Although the burden of proof is on the party seeking to vacate, modify or correct an arbitration award, the party seeking to enforce an arbitration decision "bears the burden of demonstrating that the statutory procedural requirements . . . have been fully satisfied." *NCO Portfolio Mgmt. v. Folsom,* 2007 ME 152, ¶ 7.

Since no timely motion to vacate was pending, the court is required to confirm the award. 14 M.R.S. § 5934(4).

B. Application to Conform Arbitration Award

For the reasons explained above, the application to confirm the Arbitration Award of November 20, 2020 is granted.

C. Motion to Dismiss Party-in-Interest

After due consideration, the court concludes that the motion of the Maine State Housing Authority to dismiss it as a party-in-interest should be granted.

D. Motion for Compulsory Joinder of KVCAP and MSHA

After consideration, the motion to join KVCAP and MSHA is denied.

E. Motion to Strike Answer

The Plaintiff's motion to strike Patriot's answer is denied.

F. Motion to Strike Reply Brief

The motion of MSHA to strike the reply brief filed by Patriot is granted.

## CONCLUSION

The entry is:

Defendant's Motion to Vacate the Arbitration Award is DENIED.

Plaintiff's Application to Confirm the Arbitration Award is GRANTED. Judgment to be entered in Plaintiff's favor against the Defendant in accordance with the terms of the Arbitration Award of November 20, 2020.

Motion by the Maine State Housing Authority to Dismiss it as a Party-in-Interest is GRANTED.

Defendant's Motion for Compulsory Joinder of KVCAP and MSHA is DENIED.

Plaintiff's Motion to Strike Defendant's Answer is DENIED.

Motion of MSHA (Party-in-Interest) to Strike Defendant's Reply Brief is GRANTED.

9

The Clerk is directed to incorporate this Order into the docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).

DATED: May 18, 2022

William R. Stokes
Superior Court Justice

Entered on the docket 5/19/2022